UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL LEOTA,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 18-cv-02888-SVK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>Re: Dkt. No. 30 |

On March 25, 2019, this Court granted Plaintiff Emanuel Leota's motion for summary judgment, remanding the case for further proceedings on Plaintiff's application for Social Security disability benefits. Dkt. 27. Now before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Dkt. 30. Defendant Commissioner of Social Security opposes Plaintiff's motion. Dkt. 34. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument. For the reasons discussed below, the Court GRANTS Plaintiff's motion and awards Plaintiff EAJA attorney fees in the amount of $4,320.00.

## I. LEGAL STANDARD FOR EAJA ATTTORNEY'S FEES

The EAJA provides that "a court shall award to any prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

////

////

## II. DISCUSSION

The parties agree that Plaintiff is the prevailing party in this action. *See* Dkt. 30 at 1-2 (noting that Court reversed and remanded case and entered judgment for Plaintiff); Dkt. 34 at 2 (stating that Plaintiff "prevailed in Court"). The Commissioner also does not challenge the reasonableness of hourly rates or number of hours Plaintiff claims. *See* Dkt. 30 at 4-7. Instead, the Commissioner's opposition to Plaintiff's request for fees is based on the Commissioner's argument that the government's position in this case was "substantially justified." *See, e.g.,* Dkt. 34 at 3-5. Alternatively, the Commissioner argues that Plaintiff's fee claim should be rejected or discounted because the circumstances of this case make an award unjust. *Id.* at 5-7.

### A. Substantial justification

#### 1. Legal standard

The Commissioner bears the burden of proving substantial justification. *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017). "To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree'—indeed, since the movant is established as a prevailing party it could never do so—but only that its position is one that 'a reasonable person could think is correct, that is, [that the position] has a reasonable basis in law and fact." *Ibrahim v. Dep't of Homeland Security*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (citations omitted). "That the government lost … does not raise a presumption that its position was not substantially justified." *Id.* at 1168. In the Social Security context, the Ninth Circuit has explained that the government is not substantially justified where a remand is a "foregone conclusion," but an award of fees may not be appropriate if the result of the case was not so certain. *See Decker*, 856 F.3d at 665.

#### 2. Procedural background

The Commissioner's argument that the government's position was substantially justified is rooted in the following procedural history. The Administrative Law Judge ("ALJ") held a hearing on January 11, 2017, at which Plaintiff's attorney told the ALJ he had outstanding requests for updated medical records. Dkt. 19 (Administrative Record ("AR")) 180. Plaintiff's counsel asked the ALJ to keep the record open after the hearing, and the ALJ agreed, stating, "I will allow 14 days for the documents to be obtained and will not render a decision until after either the 14 days

or the documents have arrived." *Id.* Plaintiff's counsel did not submit additional records within 14 days of the hearing, but on May 31, 2017, he submitted over 140 pages of additional medical records, including records from Plaintiff's treating physician, Adam Trotta, M.D. AR 32-176. The next day, the ALJ issued his decision finding that Plaintiff was not disabled. AR 17-31. The ALJ discounted the opinion of Dr. Trotta regarding Plaintiff's functional capacity, citing two reasons: (1) the absence of treating records to substantiate Dr. Trotta's conclusions regarding Plaintiff's functional capacity, and (2) the absence of evidence of uncontrolled symptoms after January 2015. AR 25. The ALJ's decision did not mention the additional records submitted by Plaintiff's counsel the day before the decision was issued.

Plaintiff requested that the Appeals Council review the ALJ's decision. *See* AR 1-5. The Appeals Council denied Plaintiff's request. *Id.* The Appeals Council noted that Plaintiff had submitted additional medical records, but stated that it "did not consider and exhibit this evidence." AR 2.

This Court concluded, and the Commissioner does not dispute, that the medical records submitted after the ALJ hearing were part of the administrative record that this Court was required to consider when reviewing the Commissioner's final decision for substantial evidence. Dkt. 27 at 7 (citing *Brewes v .Comm'r of Soc. Sec. Admin.* 682 F.3d 1157, 1163 (9th Cir. 2012)).

### 3. Analysis

Against this procedural backdrop, the Commissioner argues that the government had substantial justification for its position in this case because Plaintiff and his attorney shared blame for the ALJ's failure to develop the record fully, and because reasonable minds could differ as to the appropriateness of the government's underlying conduct. Dkt. 34 at 3-5. These arguments fall short of carrying the Commissioner's burden to show that the government had a substantial justification for its litigation position.

Plaintiff's challenge to the Commissioner's denial of benefits in this case presented the question of whether the new evidence Plaintiff submitted after the ALJ hearing, while the case was before the Appeals Council, required remand to the ALJ for consideration of how the new data might impact the ALJ's disability determination. As the Ninth Circuit explained in *Decker*, where such new evidence "directly undermined the basis for the ALJ's decision … remand was 'a

3

foregone conclusion.'" 856 F.3d at 665. For example, in *Gardner v. Berryhill*, a companion case issued by the Ninth Circuit on the same day as *Decker*, the ALJ gave little weight to a treating physician's report because it was "only an interim report." *Id.* at 856 F.3d 652, 655 (9th Cir. 2017). Following issuance of the ALJ's decision, and while the case was before the Appeals Council, the plaintiff submitted the physician's final report. *Id.* The Appeals Council included the final report in the administrative record but denied review, and Plaintiff challenged the decision in the district court. *Id.* The district court remanded the case to address the physician's final report. *Id.* at 656. However, the district court denied an award of EAJA attorney's fees on the grounds that the government's litigation position was "substantially justified." *Id.* The Ninth Circuit reversed, holding that "[a]s a general rule, where the critical portions of a treating physician's discredited opinion were presented for the first time to the Appeals Council, the appropriate remedy is to remand the case to the ALJ to consider the additional evidence." *Id.* at 657-68 (internal quotation marks and citations omitted); *see also Brewes*, 682 F.3d at 1163 (concluding that determination that claimant was not disabled was not supported by substantial evidence where new evidence submitted to the Appeals Council directly undermined the basis of the ALJ's decision).

By contrast, where there is only a possibility that late-submitted evidence could support a result different from that reached by the ALJ, it is therefore "not so obvious" that the case requires remand. *Decker*, 856 F.3d at 665. For example, in *Decker*, the late-submitted evidence consisted of "two pages of blood test results, without further explanation" and it was "possible," although "not inevitable," that the results "could be interpreted by Decker's doctor to support a result different from that reached by the ALJ." *Id.*

The cases cited by the Commissioner in which district courts have affirmed the ALJ decision despite missing or untimely medical evidence, or at least declined to award EAJA fees, are distinguishable. *See* Dkt. 34 at 4-5 and cases cited therein. In some of those cases, it appears that the pertinent missing records were not in the record before the district court. *See Williams v. Astrue*, No. CV 09-1278-MO, 2011 U.S. Dist. LEXIS 28903, at *8-9 (D. Or. 2011) (affirming ALJ opinion, noting that claimant's hearing counsel "promised but failed to provide the disputed documents"); *Arutyunyan v. Chater*, No. 96-55823, 1997 U.S. App. LEXIS 5976, at *3-4 (9th Cir.

Mar. 27, 1997) (affirming denial of EAJA fees in remanded case, noting that ALJ did not obtain test results and other clinical records relevant to determination of claim); *Perez v. Colvin*, No. CV 12-8437 AGR, 2013 U.S. Dist. LEXIS 66496, at *8-10 (C.D. Cal. May 8, 2013) (affirming ALJ opinion that had rejected opinions of treating physician Dr. Austin for reasons including absence of treatment records from him, where counsel submitted treatment records from Dr. Singleton after the hearing but there was no evidence of efforts to obtain records from Dr. Austin).

In another case cited by the Commissioner, the late-submitted evidence, although undermining the ALJ's findings, did not by itself require remand because a court could affirm the ALJ on other grounds. *See Kerley v. Berryhill*, No. 2:16-CV-01841 JRC, 2018 U.S. Dist. LEXIS 17707, at *9 (W.D. Wash. Feb. 2, 2018) (denying EAJA fees because late-submitted evidence did not require ALJ to alter original findings and thus remand was not a foregone conclusion). Finally, *Press v. Comm'r of Soc. Sec.*, also cited by the Commissioner, did not involve late-submitted evidence; in that case, the court denied EAJA fees on the grounds that the government had a reasonable basis in law to oppose remand on the ground that the ALJ's error in questioning the vocational expert was harmless. No. 08-1089-AC, 2011 U.S. Dist. LEXIS 74077, at *5 (D. Or. July 8, 2011).

The Commissioner also argues that the government was substantially justified because in this Court's summary judgment order, the Court noted "at least one other district court within the Ninth Circuit has affirmed an ALJ's decision under similar circumstances," citing *Perez.* Dkt. 34 at 4; *see also* Dkt. 27 (summary judgment order) at 10 ("in at least one case involving similar facts, a court affirmed the ALJ's finding of no disability despite the claimant's submission of medical records after the post-hearing deadline set by the ALJ but before the ALJ issued his decision."). However, as was also explained in the Court's summary judgment order, "there is some ambiguity in *Perez* regarding which medical records were submitted after the hearing" and there was "no discussion of how extensive the late-submitted treatment records were."

*Perez* and the other cases discussed above do not establish that the government's position was substantially justified in this case, where the record before this Court contained extensive medical records bearing directly on the two reasons the ALJ identified for discounting Dr. Trotta's opinions.

Since *Perez* and several of the other cases cited by the Commissioner were decided, the Ninth Circuit in *Decker* and *Gardner* has crystalized the critical inquiry in determining whether the government's position was substantially justified by focusing on whether the late-submitted evidence directly undermined the ALJ's analysis.[1]  Here, the only reasons given by the ALJ for discrediting Dr. Lotta's opinion were directly undermined by the extensive additional evidence submitted after the hearing.  Accordingly, remand was "the appropriate remedy" and "a foregone conclusion," and thus Defendant's litigation position opposing remand was not substantially justified.  *See Decker,* 856 F.3d at 665; *Gardner,* 856 F.3d 657-58.

### B. Equitable circumstances

Alternatively, Defendant argues that an award of the full fees requested by Plaintiff would be unjust under the circumstances of this case.  *Id.* at 5-7.  Under the special circumstances exception, the court has discretion to deny EAJA fee awards "where equitable considerations dictate an award should not be made."  *Scarborough v. Principi*, 541 U.S. 401, 423 (2004) (citations omitted); *see also Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989).

As the Court noted in its summary judgment order, "Plaintiff's counsel should have been more diligent in submitting the additional records by the deadline set by the ALJ or at least communicating with the ALJ regarding the status of the records."  Dkt. 27 at 9-10.  Nevertheless, Defendant has not shown that an award of EAJA fees is unjust.  Plaintiff's counsel submitted the additional medical records while the case was before the Appeals Council—indeed, they were submitted before the ALJ issued his decision (albeit only the day before).  Even before that, the ALJ himself could have sought the records as part of his duty to develop the record.  At the ALJ or Appeals Council stages, or once the case reached this Court, the government could have determined from a review of the late-submitted evidence that it directly undermined the ALJ's decision.  Had the government taken these actions, at least some of the fees now sought by Plaintiff could have been avoided.  *See generally Sims v. Apfel,* 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial").  The government's stated

---

[1] Defendant argues that this case resembles *Decker* more than *Gardner* because here, as in *Decker*, the late-submitted evidence included treatment notes rather than new opinion evidence.  ECF 34 at 5.  However, those Ninth Circuit cases focused on the nexus between the late-submitted evidence and the ALJ's stated reasons for discounting a treating doctor's opinion, not the nature of the late-submitted evidence.  *See Decker* 856 F.3d at 665.

6

goal of ensuring orderly presentation of evidence, while worthy and shared by this Court, would not be served by cutting Plaintiff's requested fees in half under the circumstances of this case.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's request for EAJA fees in the amount of $4,320 is GRANTED.

**SO ORDERED.**

Dated: August 30, 2019

SUSAN VAN KEULEN
United States Magistrate Judge